UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MALCOLM L., | Case No. 2:23-cv-00090-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| KILOLO KIJAKAZI, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's opening brief. Docket No. 15. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 17-18.[1] Plaintiff filed a reply. Docket No. 19. The parties consented to resolution of this matter by the undersigned magistrate judge. *See* Docket No. 5.

**I.   STANDARDS**

   A.   Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses

---

[1] The cross-motion practice was abolished by the Supplemental Rules for Social Security, which now require the filing of an opening brief, a responsive brief, and a reply brief. *See* Supp. R. for Soc. Sec. 6, 7, 8. Counsel must familiarize themselves with these new rules moving forward.

whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B.   Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

**II.   BACKGROUND**

A.   Procedural History

On April 4, 2017, Plaintiff filed an application for supplemental security income benefits. *See, e.g.*, Administrative Record ("A.R.") 358-79. On November 9, 2018, Plaintiff's application

---

[2] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

was denied initially. A.R. 174-78. On May 23, 2019, Plaintiff's claim was denied on reconsideration. A.R. 184-86. On June 27, 2019, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 187-90. On September 9, 2021, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Kathleen Kadlec. *See* A.R. 87-142. On December 22, 2021, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability. A.R. 58-79. On November 22, 2022, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 6-12.

On January 17, 2023, Plaintiff commenced this action for judicial review. Docket No. 1.

B.     The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 62-79. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. A.R. 63. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; right shoulder tendinosis with labral cysts and osteoarthritis; left knee joint effusion and osteoarthritis; and mild osteoarthritis of the right hip status post left hip replacement. A.R. 64-67. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 67-68. The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined in 20 CFR 416.967(b) with the following additional limitations: occasional foot controls bilaterally; frequent hand controls bilaterally; occasional overhead reaching bilaterally; frequent reaching in all directions bilaterally; frequent handling, fingering, and feeling bilaterally; occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching, and crawling; no work at unprotected heights; no more than occasional work with moving mechanical parts; occasional motor vehicle operation; occasional exposure to extremes of cold and heat; and, occasional exposure to vibration.

A.R. 68-77. At step four, the ALJ found Plaintiff had no past relevant work. A.R. 77. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff

3

can perform based on his age, education, work experience, and residual functional capacity. A.R. 77-79. In doing so, the ALJ defined Plaintiff as a closely approaching advanced age and having limited education. A.R. 77. The ALJ found the transferability of job skills not at issue. A.R. 77. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a ticket taker, garment bagger, and routing clerk. A.R. 77-79.

Based on all of these findings, the ALJ found Plaintiff not disabled since the date the application was filed. A.R. 79.

## III.  ANALYSIS

Plaintiff raises two arguments on appeal: (1) that the RFC was not supported by substantial evidence and (2) that the ALJ erred in discounting the opinion of Dr. Ibrahim Yashruti. The Court addresses each argument in turn below.

### A.  RFC Formulation

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. Docket No. 15 at 7-14. While acknowledging that the RFC appears "at first blush" to be supported by substantial evidence, Docket No. 15 at 9, Plaintiff contends that various aspects of the RFC are lacking in evidentiary support or are contradicted by the medical record, Docket No. 15 at 9-14; *see also* Docket No. 19 at 3-7.[3] The Commissioner counters that substantial evidence supports the RFC determination. Docket No. 17 at 4-14. The Commissioner has the better argument.

"[R]esidual functional capacity is the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). The RFC determination considers all medically determinable impairments, including those that are not severe. *Id.* at § 416.945(a). The RFC assessment must consider all evidence in the record and "contain a thorough discussion of the objective medical

---

[3] The briefing is at times meandering. The Court has reviewed all of the arguments presented. Any argument not addressed explicitly herein has been rejected to the extent it is inconsistent with the conclusion reached. *See PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022); *see also Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (summarily rejecting "[a]ll other arguments" without explanation).

4

and other evidence . . ." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing Social Security Ruling 96-8p, 61 Fed. Reg 34474, 34478 (July 2, 1996)). "The RFC is an administrative assessment of the extent to which an individual's medically determinable impairments … may affect his or her capacity to do work-related physical and mental activities." *Id.* (quoting SSR 96-8p, 61 Fed. Reg at 34475). "[A]t the administrative law judge hearing level … the administrative law judge … is responsible for assessing [Plaintiff's] residual functional capacity." 20 C.F.R. § 416.946(c). The residual functional capacity determination does not need to copy the exact opinion of any particular doctor; rather, "the ALJ is responsible for translating and incorporating clinical findings into a succinct" residual functional capacity. *Rounds v. Commissioner*, 807 F.3d 996, 1005-06 (9th Cir. 2015); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity").

In this case, the ALJ provided a thorough analysis of the medical evidence. A.R. 69-77. In so doing, the ALJ determined that Plaintiff had grossly intact physical, musculoskeletal, and neurological functioning, A.R. 75-76, a finding supported by substantial evidence, *see, e.g.*, A.R. 609, 621, 643, 647, 719-20, 977, 1248. The ALJ also determined that Plaintiff regularly exhibited benefit from injection therapy and medications, A.R. 76, a finding supported by substantial evidence, *see, e.g.*, A.R. 973, 1116, 1160, 1233. The ALJ also noted the medical record that Plaintiff had full independent functioning as of at least February 2019, A.R. 71, a finding supported by substantial evidence, A.R. 784.[4] Recognizing some physical limitations, the ALJ formulated an RFC for light work. A.R. 68-69.

---

[4] Despite attesting under oath that he had not been working for many years, A.R. 100, 360, the medical record from 2018 includes notation that Plaintiff "cannot *take off work*" to undergo surgery, A.R. 645 (emphasis added). Although highlighted by both the ALJ below and the Commissioner on appeal, *see, e.g.*, A.R. 71; Docket No. 17 at 9, Plaintiff ignores the issue. He does not dispute that he was in fact working during the pertinent period and that such fact constitutes substantial evidence that he is not disabled. Nor does Plaintiff challenge the ALJ's decision to discount his testimony on this basis, among others. The Court is troubled by the filing of an appeal for an award of benefits that fails to acknowledge a highlighted aspect of the record reflecting that the claimant was working during the pertinent period.

Plaintiff's attempts to demonstrate error in the ALJ's formulation of the RFC are not persuasive. For example, Plaintiff points to a lack of a medical opinion specifically tracking the RFC, *see, e.g.*, Docket No. 15 at 11, but the Ninth Circuit has made clear that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work," *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Plaintiff also points to various evidence that he contends could support a finding of disability, *see, e.g.*, Docket No. 15 at 11-14; Docket No. 19 at 6-7, but Plaintiff's alternative interpretation of the record does not establish legal error by the ALJ, *see Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020); *see, e.g.*, *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ").[5]

Plaintiff also contends that the ALJ erred in relying on the opinion of Dr. Samuel Pak, arguing that Dr. Pak failed to consider various pieces of evidence in the record that Plaintiff contends support a finding of disability. Docket No. 15 at 9 (asserting that "there is a disparity between the evidence that Dr. Pak considered versus the evidence in the record"). As the Commissioner correctly points out, the bulk of Plaintiff's representations on this issue are contrary to the record. *See* Docket No. 17 at 12-13; *see also* A.R. 169 ("Please see FOFAE" for additional

---

[5] Plaintiff accuses the ALJ and the Commissioner of cherry-picking the evidence. *See, e.g.*, Docket No. 19 at 6. For example, Plaintiff argues that the ALJ's reference to normal findings fails to account for other instances in the medical record with instances of "significantly abnormal" findings. *Id.* at 7. The Court is not persuaded that the ALJ's decision is unsupported substantial evidence based on this contention. As an example, Plaintiff cites to the "abnormal" findings at A.R. 1152-53 as being improperly ignored. *See* Docket No. 19 at 6. The ALJ, however, expressly discussed that exact record and the assertion therein that Plaintiff was experiencing pain that at times reached a 9/10 level of severity, and the ALJ then explained in some detail why such references in the record did not show limitations beyond those established in the RFC. A.R. 73 (discussing 27F/47-49, which correlates to A.R. 1152-54). As another example, Plaintiff cites to a notation of a "waddling gait" as being inconsistent with the ALJ's reference to generally normal findings, Docket No. 15 at 11 (citing A.R. 708), but again the ALJ expressly addressed that specific notation and explained why it did not suffice to warrant restrictions beyond those established in the RFC, A.R. 74 (discussing Exhibit 6F, including specifically A.R. 708).

explanation); A.R. 161-64 (findings of fact and analysis of evidence).[6]  Moreover, the mere fact that some of the medical record was developed after Dr. Pak's opinion does not, standing alone, render it improper for the ALJ to have relied on that opinion.  *Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1269 (D. Nev. 2021) ("That the non-examining physician did not review the entire record, including evidence that was not in existence at the time of rendering the opinion, does not automatically disqualify the opinion from constituting substantial evidence" (collecting cases)).[7]

Accordingly, the Court is not persuaded by Plaintiff's argument that the RFC is not supported by substantial evidence.

B.  Dr. Yashruti's Opinion

Plaintiff also argues that the ALJ improperly discounted the opinion of Dr. Yashruti, the consultative orthopedist.  Docket No. 15 at 14-17.  Plaintiff argues that Dr. Yashruti's opinion, if accepted, correlates to a sedentary exertion limitation, which would in turn render Plaintiff disabled.  Docket No. 15 at 14.  Plaintiff contends that the ALJ failed to proffer sufficient reasons for discounting Dr. Yashruti's opinion.  Docket No. 15 at 15-18; *see also* Docket No. 19 at 7-8.  The Commissioner responds that substantial evidence supports the ALJ's determination given his consideration of the consistency and supportability of Dr. Yashruti's opinion.  Docket No. 17 at 14-18.  The Commissioner has the better argument.

When evaluating medical evidence, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)."  20 C.F.R § 404.1520c(a).  The ALJ must "articulate how [she] considered the medical opinions and prior administrative medical findings" based on certain specified factors.  *Id.*  The

---

[6] As an example, Plaintiff points to "the MRI of March 27, 2019, [which] documented labral tear in addition to moderate degeneration at the acromioclavicular joint. AR 873."  Docket No. 15 at 10.  The obvious problem with Plaintiff's argument is that Dr. Pak did in fact consider the same.  A.R. 162 ("3.27.19—MRI R SHOULDER – 1. Posterior inferior labral tear with adjacent paralabral cysts, as described . . . 3. Moderate AC joint degenerative osteoarthrosis").

[7] The ALJ noted that new medical evidence emerged after Dr. Pak formulated his opinion, rendering Dr. Pak's opinion only "somewhat persuasive."  A.R. 75.  As explained above, the ALJ formulated the RFC by looking at the entire record (including the more recent medical record).  *Cf. Brand*, 575 F. Supp. 3d at 1269 (collecting cases that "it is not error for an ALJ to rely on medical opinions that do not account for later evidence when the ALJ reviews the entire record and reaches a conclusion consistent with the record as a whole").

most important factors are supportability and consistency, which the ALJ must address. 20 C.F.R. § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.' Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. §§ 404.1520c(c)(1) & (c)(2)). An ALJ may, but is not required to, address the remaining provided factors. 20 C.F.R. § 404.1520c(b). Reviewing courts must affirm an ALJ's evaluation of evidence in the record if it is supported by substantial evidence. *See Woods*, 32 F.4th at 787, 793.

The ALJ here found Dr. Yashruti's opinion to be not persuasive because it was not supported by his examination notes and was inconsistent with the medical record. A.R. 74-75. With respect to the former, Dr. Yashruti's examination showed intact sensation, psychomotor activity, reflexes, muscle strength, muscle tone, dexterity, and range of motion in the cervical spine, shoulders, elbows, wrists, hands, hips, right knee, ankles, and feet. A.R. 709-11. Moreover, Dr. Yashruti's x-rays of Plaintiff's right shoulder, right knee, and left hip showed existing mild degenerative joint disease of the acromioclavicular joint, moderate degenerative joint disease of the right knee, and evidence of prior total left hip replacement with good position. A.R. 712.[8] Hence, the ALJ's finding that the opinion is not supported by Dr. Yashurti's examination notes is supported by substantial evidence.

As to the inconsistency with the medical record, that finding was also supported by substantial evidence. The ALJ highlighted that the medical record showed normal and stable musculoskeletal appearance, as well as relief being afforded through treatment. A.R. 74. As discussed in the section above, such findings are supported by substantial evidence. *See* Section III.A.

---

[8] The ALJ also found that Dr. Yashruti's opinion was remote in time. A.R. 74. Plaintiff suggests legal error in doing so because the ALJ did not afford similar treatment to Dr. Pak's opinion. Docket No. 15 at 15. The premise of this argument is wrong because the ALJ did in fact discount Dr. Pak's opinion because he "did not have the opportunity to review any medical evidence dated after May 2019." A.R. 75.

8

Accordingly, the ALJ did not err in the evaluation of Dr. Yashruti's opinion.

## IV. CONCLUSION

Based on the forgoing, the decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: December 7, 2023

_____
Nancy J. Koppe
United States Magistrate Judge